# Appeal No. 23-6138

IN THE
UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

Nicholas Sellman,
Plaintiff-Appellee,

v.

Aviation Training Consulting, LLC,
Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Oklahoma
Case No. CIV-22-365-D
The Honorable Timothy D. DeGiusti

**PLAINTIFF-APPELLANT NICHOLAS SELLMAN'S
REPLY BRIEF**

Jason C.N. Smith
Law Offices of Jason Smith
612 Eighth Avenue
Fort Worth, Texas 76104
(817) 334-0880, telephone
(817) 334-0898, facsimile

*Attorney for Nicholas Sellman*

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................i

TABLE OF AUTHORITIES ............................................................................ ii

I.  SELLMAN EASILY MEETS PRIMA FACIE CASE FOR RETALIATION CLAIM ..............................................................................................................1

II.  THERE IS AMPLE EVIDENCE OF PRETEXT..............................................2

III. AMPLE EVIDENCE TO ESTABLISH SELLMAN WAS REGARDED AS DISABLED, HAD A RECORD OF DISABILITY, OR HAD A PHISICAL OR MENTAL CONDITION THAT IMPAIRED MAJOR LIFE ACTIVITY ...............4

IV. PRAYER.........................................................................................................5

CERTIFICATE OF COMPLIANCE ..................................................................6

CERTIFICATE OF SERVICE.............................................................................7

# TABLE OF AUTHORITIES

**CASES**

*Bennett v. Windstream Commc'ns, Inc.*,
    792 F.3d 1261 (10th Cir. 2015) ................................................................... 1, 5
*Brown v. Wal-Mart Stores E., L.P.*,
    969 F.3d 571 (5th Cir. 2020) ........................................................................... 3
*Burton v. Freescale Semiconductor, Inc.*,
    798 F.3d 222 (5th Cir. 2015) ........................................................................... 3
*Dumas v. Union Pac. R.R. Co.*,
    294 F. App'x 822 (5th Cir. 2008) .................................................................... 2
*Hardeman v. City of Albuquerque*,
    377 F.3d 1106 (10th Cir. 2004) ....................................................................... 3
*Long v. Eastfield Coll.*,
    88 F.3d 300 (5th Cir.1996) .............................................................................. 2
*Medina v. Ramsey Steel Co., Inc.*,
    238 F.3d 674 (5th Cir.2001) ............................................................................ 1
*Shackelford v. Deloitte & Touche, LLP*,
    190 F.3d 398 (5th Cir.1999) ............................................................................ 3
*United States v. Davis*,
    437 F.3d 989 (10th Cir. 2006) ......................................................................... 4
*Young v. United Parcel Serv., Inc.*,
    575 U.S. 206, 135 S. Ct. 1338, 191 L. Ed. 2d 279 (2015) ............................... 1

**STATUTES**

42 U.S.C. § 12102 ................................................................................................. 5

**RULES**

Fed. R. App. P. 32(a)(5) ........................................................................................ 6
Fed. R. App. P. 32(a)(6) ........................................................................................ 6
Fed. R. App. P. 32(a)(7)(B) ................................................................................... 6
Fed. R. App. P. 32(f) ............................................................................................. 6

# I.

## SELLMAN EASILY MEETS PRIMA FACIE CASE FOR RETALIATION CLAIM

While not decided by the District Court, ATC attacks Sellman's prima facie case asserting that there is no evidence of a causal connection between Sellman's complaint and ATC's decision to not renew Sellman's contract. (Appellee's Brief, pp. 22-25). An individual plaintiff may establish a prima facie case by "showing actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were based on a discriminatory criterion illegal under" Title VII. While the elements of a prima facie case "are neither rigid nor mechanistic, their purpose is the establishment of an initial inference of unlawful discrimination warranting a presumption of liability in plaintiff's favor." *Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015). The burden of making this showing is "not onerous." *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 228, 135 S. Ct. 1338, 1354, 191 L. Ed. 2d 279 (2015)(citations omitted); *Bennett*, 792 F.3d at 1267.

First, it is undisputed that Vice President of Internal Operations Dennis Stephens was aware of Sellman's complaint. (App. at 16, 18, 73, 128-29, 186). This alone is sufficient to establish a causal link. *Medina v. Ramsey Steel Co., Inc.,* 238 F.3d 674 (5th Cir.2001)(Fifth Circuit court recited evidence that the supervisor who

terminated Medina knew about his prior protected activity, and found that evidence sufficient to meet the causal link element for purposes of prima facie case).

Moreover, while ATC focuses on the "identified" decisionmaker, a plaintiff can make out a *prima facie* case by showing that other employees, with discriminatory motives, "had influence or leverage over the official decisionmaker." *Dumas v. Union Pac. R.R. Co.*, 294 F. App'x 822, 826 (5th Cir. 2008); *see also Long v. Eastfield Coll.,* 88 F.3d 300, 307 (5th Cir.1996) (noting that if the final decisionmaker serves as the "cat's paw" of those acting with retaliatory motives, the causal link remains intact). Less than 11 weeks expired between when Sofge became aware of Sellman's complaint and his recommendation that Sellman's contract not be renewed. Sofge expressed hostility to the VA's finding that Sellman was determined to be 100% disabled by the Veteran's Administration. And Sofge's attitude changed towards Sellman after Sofge blew up at Sellman.

Accordingly, Sellman easily meets his prima facie case for his retaliation claim.

## II.
## THERE IS AMPLE EVIDENCE OF PRETEXT

While ATC attempts to parse each piece of evidence in isolation, there is ample evidence of pretext when the evidence is analyzed together.

"Pretext can be proven by any evidence that casts doubt on the credence of the employer's proffered justification for the adverse employment action." *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 578 (5th Cir. 2020) '[T]he combination of suspicious timing with other significant evidence of pretext, can be sufficient to survive summary judgment.'" *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 240 (5th Cir. 2015) quoting *Shackelford v. Deloitte & Touche, LLP,* 190 F.3d 398, 409 (5th Cir.1999); see also *Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1120 (10th Cir. 2004).

There is ample evidence of pretext in this case. Sofge became upset when he discovered that Sellman received a 100% VA disability rating and "laid into him" going on a 20 to 30 minute tirade. (App. at 109-12). Sofge loudly questioned the legitimacy of Sellman's disability. (App. at 123-24, 132). Sellman testified Sofge referred to him as a cripple and said it was criminal for Sellman to collect disability. (App. 16). Sellman's co-workers noticed how upset Sofge was. (App. at 124). After this incident, Sofge' stopped interacting with Sellman. (App. at 131-132).

Less than 11 weeks later Sofge recommends the nonrenewal of Sellman's contract based on a performance review that was never shown to or ever signed by Sellman, contrary to standard practice. Indeed, there is ample evidence that Sellman, contrary to the picture painted in the mystery review, was more than competent in his role as a loadmaster on C-130 aircraft.

Moreover, Sofge attempted to minimize his involvement and deny his statements about Sellman's disability rating are further circumstantial evidence of pretext. Trying to distance himself from any illegality, Sofge claims he does not recall saying it was criminal for Sellman to be collecting disability benefits. (App. 148, 160). Likewise, while Sofge denied his involvement in the non-renewal decision to Sellman, (App. at 140), an email reveals that Sofge was the first to recommend that Sellman's contract not be renewed. (App. at 76, 93,148, 185). Although false exculpatory statements "cannot be considered by the jury as direct evidence of guilt," such statements "are admissible to prove circumstantially consciousness of guilt or unlawful intent." *United States v. Davis*, 437 F.3d 989, 996 (10th Cir. 2006).

Accordingly, the District Court should be reversed.

### III.

**AMPLE EVIDENCE TO ESTABLISH SELLMAN WAS REGARDED AS DISABLED, HAD A RECORD OF DISABILITY, OR HAD A PHISICAL OR MENTAL CONDITION THAT IMPAIRED MAJOR LIFE ACTIVITY**

While not directly ruled upon by the District Court, ATC takes issue with the existence of Sellman's disability. (Appellee's Brief p. 38). There is ample evidence in the record that a reasonable juror could infer that someone who has a 100% disability rating from the Veteran's Administration either is regarded as disabled, or has a record of disability, or has a physical or mental condition that significantly

limits a major life activity, all of which meet the definition of disability. 42 U.S.C. § 12102.

Again, the burden to establish a prima facie case is not an onerous. *Bennett*, 792 F.3d at 1267. The evidence is undisputed regarding Sellman's disability: (1) Sofge was determined to be 100% disabled by the Veteran's Administration; and (2) Sofge became upset when he discovered Sellman received a 100% disability rating from the Veteran's Administration. Apparently, Sofge's idea of what is acceptable to be considered disabled apparently involves physical disabilities readily apparent to the eye such as a loss of limb, not mental conditions such as post-traumatic stress disorder that service members like Sellman developed from encountering the horrors of war. It is Sofge's attitude about what is an "acceptable" disability demonstrates his hostility towards less apparent but just as serious (and protected) disabilities suffered by Sellman.

## IV.
## PRAYER

Accordingly, Sellman prays that the Court reverse the summary judgment and remand the case to the District Court.

Respectfully submitted,

/s/ JASON SMITH
JASON SMITH

State Bar No. 00784999
LAW OFFICES OF JASON SMITH
612 Eighth Avenue
Fort Worth, Texas 76104
Telephone: (817) 334-0880
Telecopier: (817) 334-0898
E-mail: jasons@letsgotocourt.com
ATTORNEY FOR APPELLANT
NICHOLAS SELLMAN

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 1,054 words, excluding the parts exempted from brief requirements under Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Mac 2024 Version 16.83 in 14-point Times New Roman typeface.

Dated: March 26, 2024.

Respectfully submitted,

/s/ JASON SMITH
JASON SMITH
State Bar No. 00784999

LAW OFFICES OF JASON SMITH
612 Eighth Avenue
Fort Worth, Texas 76104
Telephone: (817) 334-0880
Telecopier: (817) 334-0898

E-mail: jasons@letsgotocourt.com
ATTORNEY FOR APPELLANT
NICHOLAS SELLMAN

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2024, I electronically filed the foregoing document with the clerk for the Court for the Tenth Circuit Court of Appeals, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means and pursuant to the Appellate Rules of Civil Procedure:

    Philip R. Bruce
    McAfee & Taft
    A Professional Corporation
    Eighth Floor, Two Leadership Square
    211 N. Robinson Avenue
    Oklahoma City, Oklahoma 73102
    Email: philip.bruce@mcafeetaft.com
    ATTORNEY FOR DEFENDANT-APPELLEE

    /s/ JASON SMITH
    JASON SMITH
    State Bar No.   00784999

    LAW OFFICES OF JASON SMITH
    612 Eighth Avenue
    Fort Worth, Texas 76104
    Telephone: (817) 334-0880
    Telecopier: (817) 334-0898
    E-mail: jasons@letsgotocourt.com
    ATTORNEY FOR APPELLANT
    NICHOLAS SELLMAN